IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**RUBEN MALDONADO-TORRES**,

    Petitioner

        v.

**UNITED STATES OF AMERICA**,

    Respondent.

CIVIL NO. 14-1374(PG)
Related to Crim. No. 10-322(PG)

## OPINION AND ORDER

Before the court are Ruben Maldonado-Torres' (hereinafter, "petitioner") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, and respondent's opposition thereto. See Civ. No. 14-1374, D.E. 1 and D.E. 5.[1] After review of petitioner's claims, the court hereby concludes that the petition shall be **DENIED**. Petitioner is not entitled to habeas relief on his claims, which shall be **DISMISSED WITH PREJUDICE**.

### I. BACKGROUND

On February 10, 2011, a jury convicted petitioner on three counts stemming from a drug sting carried out by federal agents in an undercover investigation deemed "Operation Guard Shack". Specifically, petitioner was convicted of the following charges:

> **Count 3.** Conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(ii)(II).
> **Count 4.** Aiding and abetting to attempt to possess with intent to distribute five (5) kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(ii)(II), and 18 U.S.C. § 2.
> **Count 6.** Possession of a firearm in relation to counts three and four, in violation of 18 U.S.C. § 924(c)(1)(A).
>
> See Crim. No. 10-322, D.E. 2 and D.E. 46.

---

[1] D.E. is an abbreviation of docket entry number.

At trial, defense counsel made no opening arguments, and petitioner did not give his testimony. See Crim. No. 10-322, D.E. 72. The court instructed the jury that all elements require proof beyond a reasonable doubt. See Crim. No. 10-322, D.E. 72. In special verdict forms, the court asked the jury to provide their findings as to petitioner's guilt, as well as to the quantity of the controlled substance. See Crim. No. 10-322, D.E. 46 and D.E. 72.

Petitioner was sentenced as follows:

1. As to counts three and four, imprisonment for a term of 121 months.
2. As to count six, imprisonment for a term of 60 months, to be served consecutively to counts three and four, for a total of 181 months.

See Crim. No. 10-322, D.E. 59. This court later granted a Motion to Reduce Sentence, and lowered petitioner's sentence as to counts three and four to 120 months, for a new total term of imprisonment of 180 months. See Crim. No. 10-322, D.E. 81; D.E. 84; and D.E. 85.

Petitioner's appellate counsel submitted brief pursuant to Anders v. Sate of Cal. and a motion to withdraw to the First Circuit Court of Appeals. Petitioner filed a pro se supplemental brief. See Anders v. State of Cal., 87 S. Ct. 1396, 1400 (1967). After reviewing both, and the record on appeal, the First Circuit concluded that there were no non-frivolous claims to be raised, summarily affirmed this court's judgment, and granted counsel's motion to withdraw. See United States v. Maldonado-Torres, No. 11-1715 (1st Cir. Feb. 1 2013), slip op. at 1; Crim. No. 10-322, D.E. 78.

Pending now before this court are petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and respondent's timely opposition thereto. See Civ. No. 14-1374, D.E. 1 and D.E. 5. Petitioner submitted a memorandum of law in support of his motion and a reply to respondent's opposition See Civ. No. 14-1374, D.E. 1 and D.E. 7.

In his § 2255 petition, petitioner set forth the following arguments:

1. That the court allowed the prosecution to constructively amend the indictment against petitioner, leading to petitioner being convicted of a crime different to that he was charged with, and that trial counsel was ineffective for failing to raise that issue.
2. That the court committed an <u>Alleyne</u> error by failing to instruct the jury that the quantity of the controlled substance in counts three and four was an element of the crime that required proof beyond a reasonable doubt, and that trial counsel was ineffective for failing to raise that issue.
3. That petitioner's guideline range was based on sentencing manipulation, and that trial counsel was ineffective for failing to raise that issue.
4. That trial counsel's decision to forego opening statements constitutes ineffective assistance of counsel.[2]
5. That appellate counsel's failure to raise a single issue in favor of petitioner constitutes ineffective assistance of counsel.

<u>See</u> Civ. No. 14-1374, D.E. 1 and D.E. 7.

## II. DISCUSSION
### A. Ineffective Assistance of Counsel Standard

To review a claim of ineffective assistance of counsel, a court must assess whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. <u>See</u> <u>Strickland v. Washington</u>, 105 S. Ct. 2052, 2064 (1984). To succeed in a claim of ineffective assistance of counsel, petitioner must show that counsel's representation fell below an objective standard of reasonableness, and

---

[2] Petitioner also alleges other "flaws" in counsel's trial strategy in support for his contention that counsel's assistance was ineffective.

that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been more favorable to petitioner. See United States v. Carrigan, 724 F.3d 39, 44 (1st Cir. 2013). That is to say, petitioner must demonstrate both incompetence and prejudice. Furthermore, the Strickland test is bifurcated. See Tevlin v. Spencer, 621 F.3d 59, 66 (1st Cir. 2010). Failure to prove either prong proves fatal for the other. See United States v. Caparotta, 676 F.3d 213, 219 (1st Cir. 2012).

**B. Constructive Amendment to the Indictment**

Petitioner claims that the court allowed the prosecution to constructively amend the indictment against petitioner, leading to petitioner being convicted of a crime different to that he was charged with, and that trial counsel was ineffective for failing to raise that issue.

Constructively amending an indictment "is prohibited in order to preserve the right of the person accused of a crime to have a grand jury vote on an indictment, to prevent reprosecution for the same offense, and to protect the right of the accused to be informed of the charges." United States v. Pierre, 484 F.3d 75, 81 (1st Cir. 2007))(citing United States v. Vavlitis, 9 F.3d 206, 210 (1st Cir.1993))(quotation omitted). A constructive amendment occurs "when the charging terms of the indictment are altered, either literally or in effect, by prosecution or court after the grand jury has last passed upon them." United States v. Dowdell, 595 F.3d 50, 67 (1st Cir. 2010)(internal citations omitted)(citing United States v. Dunn, 758 F.2d 30, 35 (1st Cir. 1985)). That is to say, in order to succeed when claiming a constructive amendment, a defendant must show that it is uncertain whether defendant was convicted of the conduct charged by a grand jury. See United States v. Stierhoff, 500 F. Supp. 2d 55, 69 (D.R.I. 2007), aff'd, 549 F.3d 19 (1st Cir. 2008). A constructive amendment is considered per se prejudicial, and, as such, warrants reversal of the conviction. See United States v. Brandao, 539 F.3d 44, 59 (1st Cir. 2008).

Petitioner claims his indictment was constructively amended because the government referred to him as a "corrupt correctional officer" and stated in his opening arguments that "this case is about two corrupt correctional officers." He alleges that he was convicted for "being a corrupt officer" and for "not arresting" the participants of the staged drug deal.

It is true that "mischaracterization or overuse of a potentially inflammatory phrase may in some exaggerated circumstances be deemed prejudicial." United States v. Sanchez-Berrios, 424 F.3d 65, 73-74 (1st Cir. 2005). See also United States v. Felton, 417 F.3d 97, 103 (1st Cir. 2005)("One can imagine situations in which an epithet carries connotations well beyond the crime charged ... or cases in which a description is gratuitously inflammatory, serving no reasonable purpose in summarizing the government's position."). However, in Sanchez-Berrios, the court held that referring to the defendant as a "corrupt police officer" was justified by the evidence, and that using that epithet was additionally safeguarded by adequate jury instructions. See Sanchez-Berrios, 424 F.3d at 73 (holding also that the frequency and manner of the use of that phrase was not excessive in that case). In the instant case, it would follow that the similar epithet used by the prosecution is equally permissible.

Witnesses did in fact offer testimony about how petitioner did not arrest the participants of the staged drug deal. However, such testimony does not rise to the standard of a constructive amendment. The government sought such testimony as part of a prosecution strategy designed to prove the charges as stated in the indictment by demonstrating that petitioner, at the time of the events, was engaged in the alleged conduct rather than acting as a law enforcement agent. Furthermore, the proof offered at trial supported the charges as stated in the indictment rather than altering them as to cast uncertainty on whether defendant was convicted of the conduct charged by the grand jury. The jury was also adequately instructed as to the counts charged against petitioner.

Moreover, even though constructive amendments are prejudicial per se, when raising that issue within the bounds of an ineffective

assistance of counsel claim because it has been procedurally defaulted, petitioner is nonetheless required to satisfy the prongs of the Strickland test. Petitioner has not even attempted to demonstrate that the results of the proceeding would have been more favorable to him absent the alleged error. Thus, his claim necessarily fails.

### C. Alleyne Error

In Alleyne, the Supreme Court held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." Alleyne v. United States, 133 S. Ct. 2151, 2155 (2013). "Therefore, a district court errs by applying a statutory mandatory minimum as the sentencing starting point without a jury finding on the fact that triggers that minimum." United States v. Pizarro, 772 F.3d 284, 290 (1st Cir. 2014). Like all elements of a crime, a jury must find a fact that triggers a mandatory minimum beyond a reasonable doubt, rather than by the preponderance of the evidence standard judges employ when making findings as to sentencing factors. See United States v. Etienne, 772 F.3d 907, 921 (1st Cir. 2014).

Petitioner claims that the court committed an Alleyne error by failing to instruct the jury to make their findings as to drug quantity beyond a reasonable doubt. Here, the statutory mandatory minimum sentence was triggered by the amount of drugs involved in the charges.

Petitioner was found guilty of the charges against him on February 10, 2011. On February 1, 2013, his conviction was affirmed on appeal. Rehearing was denied on April 22, 2013. Alleyne was decided on June 17, 2013, before petitioner's conviction became final on July 22, 2013. See Hibbs v. Winn, 124 S. Ct. 2276, 2283 (2004)(holding that, when a petition for rehearing is timely filed, the 90-day period to file for certiorari is tolled). The Supreme Court's decision in Alleyne applies to any case pending or not yet final at the time Alleyne was decided. See Pizarro, 772 F.3d at 290. See also Griffith v. Kentucky, 107 S. Ct. 708, 716 (1987)(holding that "a new rule for

the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final…"). Thus, this court may entertain petitioner's claim.

Petitioner mistakenly bases his claim on Delgado-Marrero. See United States v. Delgado-Marrero, 744 F.3d 167 (1st Cir. 2014). Petitioner seems to argue that the defendants in that case were his co-defendants, seeing as they were also charged as a consequence of "Operation Guard Shack." As such, petitioner claims he is entitled to the same ruling regarding Alleyne error as them.[3] However, the defendants in Delgado-Marrero are in no way petitioner's co-defendants. They were convicted of crimes arising from a completely different set of facts. Furthermore, they were charged in a different indictment and tried in a separate proceeding by another judge. Petitioner's argument to that effect begs reason. That an Alleyne error occurred in that proceeding, where the circumstances were not at all parallel to the instant case, in no way implies that petitioner was subject to an Alleyne error as well. In fact, the First Circuit's ruling in Delgado-Marrero weighs heavily that the judge asked the jury to answer the drug quantity question, without providing adequate instructions, only after they had already found the defendants to be guilty of the counts charged and had been told by the court they were about to be dismissed. See Delgado-Marrero, 744 F.3d at 186-187. That did not occur at petitioner's trial and, as such, this court cannot extend that ruling to the instant case.

Moreover, in the proceedings against petitioner, the alleged drug quantities were charged in the indictment, and put to the jury in the verdict form. The jury was also properly instructed as to how all elements of the crime required proof beyond a reasonable doubt. Nothing on the record suggests that the jury did not, in any way, understand their charge. As such, this court contends that petitioner's claim is without merit because the jury charge complied with Alleyne.

---

[3] This is the extent of petitioner's argument as to United States v. Delgado-Marrero, 744 F.3d 167 (1st Cir. 2014).

Furthermore, even if we assume, arguendo, that the alleged error did occur, petitioner would still not be entitled to post conviction relief. An Alleyne error is harmless "when it can fairly be said beyond any reasonable doubt that the assigned error did not contribute to the result of which the [petitioner] complains." United States v. Harakaly, 734 F.3d 88, 95 (1st Cir. 2013)(citing United States v. Perez-Ruiz, 353 F.3d 1, 17 (1st Cir. 2003)). In effect, a finding of harmless error in Alleyne claims ensues when the element is uncontested and supported by overwhelming evidence. See Pizarro, 772 F.3d at 298. Such is the case with the alleged error before us. The record clearly and overwhelming demonstrates that the drug quantity exceeded five kilograms, and at no point has petitioner contested the amount for which he was convicted. Accordingly, even if an error had occurred, it would not surmount harmless error review.

As to petitioner's claims of ineffective assistance of counsel on these claims, it is clear First Circuit precedent that counsel is not ineffective for failing to raise meritless claims. See Acha v. United States, 910 F.2d 28, 32 (1st Cir. 1990). Furthermore, Alleyne postdates petitioner's trials and appeals. Counsel was thus under no obligation to raise an Alleyne claim, or even to anticipate it. Strickland, 105 S. Ct. at 2065 (the court is required "to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from the counsel's perspective at the time."). Accordingly, petitioner's claims of ineffective assistance of counsel on these claims necessarily fail.

For the foregoing reasons, petitioner is not entitled to habeas relief on his claims of Alleyne error.

### D. Sentencing Manipulation

Petitioner next argues that he was subject to improper sentencing manipulation by the agents who carried out the undercover operation on the basis of which he was charged, and who determined the amount of

sham cocaine that would be used in the staged drug deal. However, this court will not consider his claim because it is procedurally barred.

Often described as a "kissing cousin" to entrapment, sentencing manipulation "occurs when a defendant, although predisposed to commit a minor or lesser offense, is entrapped in committing a greater offense subject to greater punishment." United States v. Villafane-Jimenez, 410 F.3d 74, 86-87 (1st Cir. 2005)(citing United States v. Woods, 210 F.3d 70, 75 (1st Cir.2000))(quotations omitted). See also United States v. Gibbens, 25 F.3d 28, 30 (1st Cir.1994). When raising claims of sentencing manipulation, "the defense admits the substantive guilt of the defendant, but asserts that the government conduct was egregious enough to warrant reversal, or a lesser sentence." United States v. Brown, 86 F.3d 1147 (1st Cir. 1996). A claim of sentencing manipulation "can be established by showing that the agents overpowered the free will of the defendant and caused him to commit a more serious offense than he was predisposed to commit." United States v. Barbour, 393 F.3d 82, 86 (1st Cir. 2004).

However, petitioner already raised this issue on appeal, where it failed. Petitioner's appellate counsel filed a brief pursuant to Anders v. State of Cal., stating wherein, as to the claim of sentencing manipulation:

> So I believe, that Appellant at that moment, during the inspection by the buyer of the ten kilos, knew of the drug amount and agreed to participate in the transfer of ten kilos of sham cocaine. Therefore, Appellant's base offense level was correctly computed. The government did not commit a sentence manipulation, since they did not exert undue pressure or coercion sufficient to overbear the will of Appellant.

Appeal No. 11-1715, Doc. 00116440856 at page 17. See also Anders, 87 S. Ct. at 1400. The First Circuit Court of Appeals agreed, ruling that claim to be meritless. See Maldonado-Torres, No. 11-1715 at 1. Thus, petitioner is barred from raising that issue in a motion pursuant to 28 U.S.C. § 2255. See United States v. Moran, 107 F.3d 1 (1st Cir.

1997)(holding that a petitioner may not relitigate on collateral attack issues already raised and rejected in his direct appeal). See also Dirring v. United States, 370 F.2d 862, 864 (1st Cir. 1967); Thien Ha v. United States, No. CIV.A. 11-11037-RGS, 2012 WL 603122, at *1 (D. Mass. Feb. 24, 2012). This court will not allow him to rehash that argument here.

For the foregoing reason, petitioner's claim of sentencing manipulation necessarily fails.

**E. Opening Statements**

Petitioner argues that counsel was ineffective for failing to present opening statements. However, when a decision can be determined to be strategic, it cannot denominate incompetence, and thus does not constitute ineffective assistance of counsel. See Estevez v. United States, 601 F. Supp. 2d 348, 355 (D. Mass. 2009)(reasonable strategic decisions do not warrant a finding of ineffective assistance of counsel). See also Tevlin, 621 F.3d at 67. For example, in Pickens v. Gibson the Tenth Circuit Court of Appeals held that:

> Counsel's performance in failing to make an opening or closing argument was not deficient, but rather was reasonable trial strategy. The evidence of petitioner's guilt was overwhelming and petitioner was unable to present any evidence in his defense. In light of that, it was not unreasonable strategy for counsel to forego opening argument in an attempt to maintain credibility with jurors for sentencing.

Pickens v. Gibson, 206 F.3d 988, 1001 (10th Cir. 2000). This court concludes that counsel's decision in the instant case to forego opening statements was also a strategic decision. In effect, through cross-examination and closing arguments, defense counsel attempted to debunk the credibility of the prosecution's witnesses and establish an alternate narrative. In addition, petitioner's argumentation on this claim is insufficient, and rather conclusory. See United States v. McGill, 11 F.3d 223, 225 (1st Cir.1993)(the court need not give weight to conclusory allegations). Thus, petitioner has not demonstrated that counsel was ineffective for not presenting opening statements.

**F. Unsound Strategy**

Petitioner goes on to argue that counsel was ineffective because "counsels [sic] failure was based on counsels [sic] complete abandonment of their loyalty and duty owned to the defendant." Civ. No. 14-1374, D.E. 1 at page 45. Petitioner goes on to list the claims previously discussed and dismissed, and then add a few other unsubstantiated claims that are conclusory and even contradicted by the record. For example, petitioner states that

> poor choice of trial theory constituted ineffective assistance of counsel, because the only available defense was an entrapment defense and without any strategy they failed to do so, counsels [sic] defense theory raised was a 'certain loser' and was so weak that pursuing such theory it was the equivalent of one side trial, the government alone without any opposition.

Civ. No. 14-1374, D.E. 1 at page 46. However, petitioner fails to substantiate this claim in any way. Furthermore, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland, 104 S. Ct. at 2065. Petitioner does not show how counsel's "decisions were any more than a result of counsel's informed professional judgment. Such decisions, even if erroneous in retrospect, do not constitute ineffective assistance of counsel." Shraiar v. United States, 736 F.2d 817, 818 (1st Cir. 1984). To boot, this court need not afford weight to conclusory, unsubstantiated allegations. See Estevez, 601 F. Supp. 2d at 355; Shraiar, 736 F.2d at 818.

**G. Ineffective Assistance of Appellate Counsel[4]**

Lastly, petitioner claims that, because appellate counsel raised a brief pursuant to Anders v. State of Cal., and "failed" to raise a

---

[4] Although ineffective assistance of appellate counsel would occur in the competence of an appellate court, district courts have often reviewed such claims when set forth in a motion for habeas relief. See Jones v. Barnes, 103 S. Ct. 3308, 3311 (1983). See also Colon-Diaz, 899 F. Supp. 2d at 134. This court is aptly situated to review this claim, seeing as petitioner's claim of ineffective assistance of appellate counsel is derivative of facts occurring at the district court's level.

single claim in his favor, he incurred in ineffective assistance of counsel. See Anders, 87 S. Ct. at 1400. Petitioner's contention is wholly misguided. In a similar case decided by this very same court: "Petitioner alleges that by his attorney filing an Anders brief instead of a formal appeals brief he was ineffective. Petitioner is mistaken, quite the opposite is true. If Petitioner's counsel had not filed an Anders brief he might have been deemed ineffective." Cotto-Maldonado v. United States, No. CIV. 10-1388 PG, 2012 WL 1493751, at *7 (D.P.R. Apr. 27, 2012). An Anders brief provides the appellate courts "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeal to the best of their ability," and also assists the court in deciding "whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." Penson v. Ohio, 109 S. Ct. 346, 351 (1988). Thus, petitioner's contention that appellate counsel was ineffective for filing an Anders brief flies in the face of all relevant case law, as well as the very spirit of what an Anders brief constitutes. In addition, petitioner filed a pro se supplemental brief at the appellate level, which the First Circuit Court of Appeals considered alongside the Anders brief, and, after diligent review, concluded that there were indeed no meritorious issues to be raised upon appeal. For the foregoing reasons, petitioner's claim of ineffective assistance of appellate counsel necessarily fails.

### H. Evidentiary Hearing

This court has not found a single meritorious allegation in petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Furthermore, a petitioner is not entitled as a matter of right to an evidentiary in a 28 U.S.C. § 2255 proceeding. To attain one, he "must do more than proffer gauzy generalities or drop self-serving hints that a constitutional violation lurks in the wings." David v. United States, 134 F.3d 470, 478 (1st Cir. 1998). Moreover, "evidentiary hearings on § 2255 petitions are the exception, not the norm, and the petitioner bears the burden of establishing the

need for an evidentiary hearing." DeCologero v. United States, 802 F.3d 155, 167 (1st Cir. 2015), cert. denied, 136 S. Ct. 2037 (2016)(citing Moreno-Morales v. United States, 334 F.3d 140, 145 (1st Cir. 2003) and McGill, 11 F.3d 225)(quotations omitted). Petitioner has failed to do so. This court thus concludes that he is not entitled to an evidentiary hearing.

### III. CONCLUSION

For the foregoing reasons, this court finds that petitioner **RUBEN MALDONADO-TORRES** is not entitled to federal habeas relief on his claims. Accordingly, the court hereby orders that petitioner's request for federal habeas relief pursuant to 28 U.S.C. § 2255 be **DENIED**. All claims in petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 are hereby **DISMISSED WITH PREJUDICE**. Additionally, petitioner's request for an evidentiary hearing is **DENIED**.

### CERTIFICATE OF APPEALABILITY

It is further ordered that no certificate of appealability should be issued in the event that petitioner files a notice of appeal, because there is no substantial showing of a denial of a constitutional right under 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, July 29, 2016.

S/ JUAN M. PÉREZ-GIMÉNEZ
**JUAN M. PEREZ-GIMENEZ
SENIOR U.S. DISTRICT JUDGE**